# BERTHA GRONLUND v. CUDAHY PACKING COMPANY and Others.[1]

December 18, 1914.

Nos. 18,862—(112);

**Negligence — question for jury.**

1. Plaintiff sued for damages for the death of her intestate caused by a collision between a two-horse wagon belonging to defendant packing company and driven by defendant Mosberg, and a one-horse wagon driven by the deceased. The evidence as to negligence and contributory negligence was conflicting, and made a question for the jury and is sufficient to sustain their verdict.

**Appellants cannot raise point on appeal.**

2. As the evidence and the instructions bearing upon the question as to whether defendant Lounsberry was also liable to plaintiff in damages had no bearing upon the claim made against appellants, appellants are not in position, upon this appeal, to question the rulings in respect thereto.

**Refusal to charge jury.**

3. The law of the road applicable to the case having been stated fully and clearly in the general charge, the court did not err in refusing to give the special instructions in respect thereto requested by appellants.

Action in the district court for St. Louis county by the administratrix of the estate of Henry O. Gronlund, deceased, to recover $7,500 for the death of her intestate. The case was tried before Dancer, J., and a jury which returned a verdict in favor of plain-

1 Reported in 150 N. W. 176.

tiff for $4,187.50. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants Mosberg and the packing company appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellants.

*Abbott, MacPherran, Lewis & Gilbert,* for defendant Lounsberry.

*Charles L. Lewis, Neil E. Beaton* and *O. J. Larson,* for respondents.

TAYLOR, C.

Plaintiff is the widow of Henry O. Gronlund, deceased, and the executrix of his estate. Alleging that his death was caused by the negligence of defendants, she brought this suit to recover damages therefor. The trial resulted in a verdict against defendants Mosberg and the Cudahy Packing Co., but in favor of defendant Lounsberry. Thereafter defendants Mosberg and the Cudahy Packing Co. made a motion for judgment notwithstanding the verdict, and, in case that should be denied, for a new trial. Both motions were denied and they appealed.

The accident happened upon Michigan avenue in the city of Duluth. This street extends east and west and crosses Lake street, at nearly a right angle, underneath a bridge or viaduct which extends the entire width of Lake street. The roadway of Michigan avenue under this bridge is about 32 feet wide between curbs. Defendant Lounsberry was constructing an addition to a large building near by, and had placed a quantity of broken brick, plaster and other refuse from this building under the bridge and along the curb on the south side of Michigan avenue. At the farthest point, this refuse extended into the roadway a distance of 12 or 14 feet from the south curb. The remainder of the roadway, 18 or 20 feet in width, was clear and unobstructed. At the time the accident occurred, Gronlund, driving a one-horse wagon, was proceeding west along Michigan avenue, and Mosberg, driving a two-horse wagon for the Cudahy Packing Co. was proceeding east. They attempted to pass each other under the bridge and opposite the pile of rubbish above mentioned, but their wagons collided and Gronlund was

thrown from his wagon to the pavement with sufficient force to fracture his skull and cause his death.

In the complaint, Lounsberry is charged with negligence in placing the rubbish in the street; and the packing company and its driver, Mosberg, are charged with negligence in failing to keep to the right of the center of the traveled portion of the street opposite the rubbish; in failing to exercise due care in passing Gronlund's wagon; in driving at a high and negligent rate of speed, and in negligently causing the packing company's wagon to collide with the wagon of Gronlund.

1. The evidence indicates that the teams could have passed each other without difficulty, and that the collision resulted from lack of due care on the part of one, or both, of the drivers. It does not indicate that either was driving at an improper rate of speed. It is conflicting, however, as to the manner in which the collision occurred. There is testimony tending to show that the packing company's wagon ran against Gronlund's wagon while the latter was close to the north curb; there is also testimony tending to show that Gronlund's wagon ran against the packing company's wagon while the latter was well south of the center of the unobstructed portion of the roadway. Whether Mosberg was at fault, and, if so, whether he alone was at fault, or whether Gronlund was also at fault, were fair questions for the jury, and were properly submitted to them. They have determined these questions in favor of plaintiff, and the evidence is such that this court is not justified in setting aside their conclusions.

2. Appellants complain of certain rulings made in respect to the admission of evidence offered by defendant Lounsberry. Plaintiff does not complain of such rulings, and, as the evidence in question had no bearing upon plaintiff's claim against appellants, nor upon appellants' defense thereto, appellants are not in position to question such rulings.

3. Appellants also challenge the action of the court in refusing to give certain instructions, and in giving certain other instructions concerning the negligence charged against Lounsberry. What is said above also applies here. Plaintiff does not complain, and, as

these instructions had no bearing upon the charge of negligence made against appellants, appellants were not prejudiced by the action of the court in either giving them or refusing to give them.

4. Appellants also assign as error the failure of the court to give to the jury certain requested instructions concerning the law of the road. That the refusal to give specific requests is not error, if the points embodied therein are sufficiently covered by the general charge, is well settled. The charge, as given, was full, clear and accurate. The law of the road was clearly and correctly explained, and the court did not err in refusing to instruct further in respect thereto.

Order affirmed.